# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

JOEL B. ATTIA,                     *
                                   *
    Plaintiff,             *
                                   *
vs.                                * CIVIL ACTION NO. 23-00342-KD-B
                                   *
PASCAGOULA POLICE, *et al.*,       *
                                   *
    Defendants.            *

## REPORT AND RECOMMENDATION

Plaintiff Joel B. Attia, a serial *pro se* litigant and filer
of frivolous cases, filed a complaint against thirteen individuals
or entities, all of whom are allegedly located in the Southern
District of Mississippi. (Doc. 1). As best the Court can discern,
Attia's claims against the Defendants, many of which are frivolous
and fantastical on their face, relate to his arrest and subsequent
incarceration in Jackson County, Mississippi. (See id.).

Upon review of Attia's complaint, the undersigned found that
it lacks any factual basis suggesting that venue is proper in the
Southern District of Alabama. (Doc. 4 at 5). Specifically, the
undersigned noted that the Defendants are alleged in the complaint
to be residents and/or citizens of Mississippi, and that the events
giving rise to Attia's claims are alleged to have occurred in
Jackson County, Mississippi, which is located in the Southern
District of Mississippi. (Id. at 5-6). Accordingly, the

undersigned ordered Attia to show cause, on or before November 21, 2023, why this action should not be dismissed or transferred for improper venue.  (Id. at 6).  The Court cautioned Attia that if he failed to respond to the show cause order within the prescribed time, the undersigned would recommend that this action be dismissed.[1]  (Id.).  To date, Attia has not filed a response to the Court's show cause order.

Attia has been afforded an opportunity to show cause why venue is properly laid in the Southern District of Alabama.  However, Attia has failed to provide any allegation, argument, or evidence demonstrating that any Defendant resides, or that events giving rise to the claims occurred, in the Southern District of Alabama. Further, Attia's residence in this district is not a ground for proper venue under the applicable venue statute.  Thus, there appears to be no relevant connection between the Southern District of Alabama and Attia's claims in this case.

When venue is not proper in the district of filing, the district court must dismiss, or if it is in the interest of

---

[1] In the show cause order, the undersigned recognized that "most (if not all) of the claims in Attia's complaint are based on fantastic or delusional factual scenarios and 'reflect the thoughts of a paranoid and/or delusional individual.'"  (Doc. 4 at 6 n.3 (quoting Taylor v. Wardworth, 2007 U.S. Dist. LEXIS 32534, 2007 WL 1266363, at *2 (M.D. Ala. Apr. 30, 2007)).  However, given the apparent lack of proper venue in this district, the undersigned did not screen Attia's complaint or address its pleading deficiencies.  (Id.).

justice, transfer the action to any district in which it could have been brought. 28 U.S.C. § 1406(a). The decision whether to transfer or dismiss a case under § 1406(a) is left to the sound discretion of the district court. Pinson v. Rumsfeld, 192 F. App'x 811, 817 (11th Cir. 2006) (per curiam). Generally, the interests of justice favor transfer rather than dismissal, especially where dismissal may permanently bar the plaintiff from having his claims decided on the merits, such as when the statute of limitations is an issue. Boutwell v. Advance Const. Servs., Inc., 2007 U.S. Dist. LEXIS 76600, at *9, 2007 WL 2988238, at *3 (S.D. Ala. Oct. 11, 2007).

Under the circumstances of this case, the undersigned submits that dismissal is appropriate because transfer is not in the interest of justice. First, Attia's vexatious litigation history and the factually frivolous nature of the complaint's allegations favor dismissal rather than transfer. See Adeshina v. Bush, 2022 U.S. Dist. LEXIS 2800, at *2, 2022 WL 62266, at *1 (N.D. Fla. Jan. 5, 2022) (concluding that "the fantastical nature of the allegations makes transfer not in the interest of justice"). Second, there is some indication that Attia acted maliciously and abused the judicial process in filing this action in Alabama rather than in its natural venue in Mississippi. Specifically, as a sanction for "repeatedly filing frivolous and delusional" lawsuits in the Southern District of Mississippi, Attia has been barred

from filing any new complaints or initial civil pleadings in the

that district without first obtaining written authority from a

judge of that court. See Attia v. Martin, No. 1:21-cv-00090-LG-

JCG (S.D. Miss. 2021), ECF No. 11.[2] It appears that Attia attempted

to circumvent the pre-filing restriction in the Southern District

of Mississippi by filing suit in this district, which has no

relevant connection to his claims. Finally, there is no indication

that any relevant statute of limitations has expired; thus, there

is nothing to suggest that the dismissal of this action will

prejudice Attia if he elects to seek approval to file his claims

in the proper venue.

---

[2] Since being prohibited from filing new lawsuits in the Southern
District of Mississippi without first obtaining written approval
from a judge of that court in July 2021, Attia has followed the
same pattern of filing frivolous and repetitive lawsuits in the
Southern District of Alabama. See, e.g., Attia v. Providence
Hospital, No. 1:21-cv-00274-JB-B (S.D. Ala. 2021); Attia v.
Havard, No. 1:23-cv-00074-KD-B (S.D. Ala. 2023); Attia v. Martin,
No. 1:23-cv-00088-JB-B (S.D. Ala. 2023); Attia v. Byrds Garage,
No. 1:23-cv-00089-TFM-N (S.D. Ala. 2023); Attia v. Cannon Ford,
No. 1:23-cv-00214-TFM-N (S.D. Ala. 2023); Attia v. Cannon Ford,
No. 1:23-cv-238-KD-MU (S.D. Ala. 2023). Given Attia's track record
of filing meritless, frivolous, and repetitive pleadings in
multiple federal courts, Attia is hereby **cautioned** that he is
coming perilously close to being deemed a vexatious litigant in
the Southern District of Alabama. Indeed, any further frivolous
filings by Attia in this Court will result in a recommendation
that he be deemed a vexatious litigant in the Southern District of
Alabama and prohibited from filing any new complaints or initial
civil pleadings without first obtaining this Court's prior written
approval.

For the reasons set forth above, it is recommended that this action be **DISMISSED without prejudice** because of improper venue, pursuant to 28 U.S.C. § 1406(a).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed

determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

     **DONE** this **29th** day of **November, 2023.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**
